UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK RUSSELL,

       Petitioner,

                                CASE NO. 17-11370

v.

                                Paul D. Borman

DEWAYNE BURTON,          United States District Judge

       Respondent.
_____/

## OPINION AND ORDER
## DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF
## COUNSEL, GRANTING PETITIONER'S REQUEST FOR A STAY, AND
## CLOSING THIS CASE

Michigan prisoner Patrick Russell recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The pleading challenges Petitioner's plea-based convictions for second-degree murder, Mich. Comp. Laws § 750.317, and operating a vehicle while intoxicated, causing death, Mich. Comp. Laws § 257.625(4). Petitioner alleges that the prosecutor improperly amended one of the initial charges against him. Petitioner also alleges that his trial attorney was ineffective. He has asked the Court to appoint counsel for him and to stay this case while he exhausts state remedies for his claim about trial counsel. For the reasons given below, the Court declines to appoint counsel for Petitioner, but the Court will

hold the habeas petition in abeyance while Petitioner pursues state remedies for his unexhausted claim.

## I. Background

Petitioner initially was charged in Macomb County, Michigan with (1) reckless driving, causing death, and (2) operating a vehicle while intoxicated, causing death. He waived a preliminary examination, and on March 14, 2013, he pleaded no contest to the charges. In return, the trial court agreed to sentence Petitioner to a minimum term of eighty-seven months (seven years, three months) in prison.[1]

On the date set for sentencing, the trial court indicated that it could not abide with the sentencing agreement and that it would sentence Petitioner to a minimum

---

[1] In *People v. Cobbs*, 443 Mich. 276 (1993), the Michigan Supreme Court stated that trial judges may participate in sentencing discussions in the following manner:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> To avoid the potential for coercion, a judge must not state or imply alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court.
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id*. at 283.

of fourteen years in prison. On the advice of counsel, Petitioner withdrew his no-contest plea. The prosecutor then moved to amend the reckless-driving charge to second-degree murder. The trial court granted the prosecutor's motion and remanded the case to the state district court for a preliminary examination. Following the examination, Petitioner was bound over to circuit court on charges of second-degree murder and operating a vehicle while intoxicated, causing death.

On November 5, 2013, Petitioner pleaded no contest to the amended charges, and the trial court agreed to sentence Petitioner to a minimum sentence of twenty years. On December 11, 2013, the trial court sentenced Petitioner to prison for twenty to forty years. Petitioner appealed, but the Michigan Court of Appeals affirmed his convictions and sentence in an unpublished decision. *See People v. Russell*, No. 323158, 2015 WL 8983893 (Mich. Ct. App. Dec. 15, 2015). On June 28, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Russell*, 499 Mich. 970 (2016) (table).

On May 2, 2017, Petitioner filed his habeas corpus petition. The sole argument in his habeas petition is that the trial court erred by allowing the prosecution to amend the criminal information from reckless driving, causing death, to second-degree murder. Petitioner alleges that this substantially increased his sentencing exposure.

3

In his supporting brief, Petitioner further alleges that his trial attorney acted unreasonably in advising him to withdraw his initial no-contest plea, which included a sentencing agreement of fourteen years in prison. Petitioner asks for appointment to counsel to assist him with this issue and to grant a stay while he exhausts state remedies for his claim about trial counsel and possibly other issues.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847.

Petitioner raised his claim about the prosecutor's amended charge in an application for leave to appeal in the Michigan Court of Appeals. *See Russell*, 2015 WL 8983893. He alleges that he raised the same claim in the Michigan Supreme Court, but he appears to concede that he did not raise his claim about trial counsel in any state court. Thus, it appears that the habeas petition is a "mixed" petition of one exhausted claim and one unexhausted claim.

A federal district court ordinarily must dismiss a "mixed" petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  However, as explained in *Rhines v. Weber*, 544 U.S. 269 (2005),

> [t]he enactment of [the Antiterrorism and Effective Death Penalty Act (AEDPA)] in 1996 dramatically altered the landscape for federal habeas corpus petitions.  AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d) . . . .
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.  If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Id*. at 274–75.

In light of this problem, some district courts have adopted a "stay-and-abeyance" approach. *Id*. at 275.  Under this approach, a court stays the federal proceeding and holds the habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. *Id*.  After the state court completes its

5

review of the petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275-76.

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See *Lundy*, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Id*. at 278.

Petitioner has not alleged "cause" for his failure to raise all his claims on direct appeal, but there is no indication that he is engaged in intentionally dilatory litigation tactics, and his unexhausted claim about trial counsel is not plainly meritless. The Court therefore grants Petitioner's request for a stay and holds the habeas petition in abeyance while Petitioner pursues state remedies for his unexhausted claim about trial counsel. Petitioner's request for appointment of counsel to assist him in that endeavor is denied.

As a condition of the Court's stay, the Court orders Petitioner to file a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order. If he is unsuccessful in state court and wishes to return to this Court, he must file an amended petition and a motion to re-open this case,

6

using the same case number that appears on this order. The amended petition and motion to re-open this case must be filed within **ninety (90) days** of the state courts' resolution of Petitioner's unexhausted claim. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

Finally, the Court orders the Clerk of Court to close this case for administrative purposes. Nothing in this order should be construed as an adjudication of Petitioner's claims.

s/Paul D. Borman<br>
Paul D. Borman<br>
United States District Judge

Dated: June 14, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 14, 2017.

s/D. Tofil<br>
Deborah Tofil, Case Manager