UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK RUSSELL,

     Petitioner,

v.

MELINDA BRAMAN,

     Respondent.

Case No. 17-cv-11370

Honorable Shalina D. Kumar
United States District Judge

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Patrick Russell pleaded no contest to second-degree murder, Mich. Comp. Laws § 750.317, and operating a vehicle while intoxicated causing death, Mich. Comp. Laws § 257.625(4) in the Macomb County Circuit Court and was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to 20 to 40 years' imprisonment. In his petition, he raises six claims concerning the prosecutor's amendment of the criminal information, trial court's violation of the *Cobbs* agreement, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. During the pendency

of this case, Petitioner was discharged from his sentences. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://perma.cc/G2MG-C9QN. For the reasons set forth, the Court **DENIES** the habeas petition. The Court also **DENIES** a certificate of appealability and **DENIES** leave to proceed in forma pauperis on appeal.

## I.    BACKGROUND

Petitioner was driving his vehicle while under the influence of narcotics when he struck a vehicle stopped at a red light and killed a passenger in that vehicle. Petitioner initially was charged in Macomb County, Michigan with (1) reckless driving, causing death, and (2) operating a vehicle while intoxicated, causing death. He waived a preliminary examination, and on March 14, 2013, he pleaded no contest to the charges. In return, the trial court agreed to sentence Petitioner to a minimum term of 87 months (seven years, three months) in prison.[1]

---

[1] In *People v. Cobbs*, 443 Mich. 276 (1993), the Michigan Supreme Court stated that trial judges may participate in sentencing discussions in the following manner:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.

On the date set for sentencing, the trial court indicated that it could not abide with the sentencing agreement and that it would sentence Petitioner to a minimum of 14 years in prison. Petitioner withdrew his no-contest plea. The prosecutor then moved to amend the reckless-driving charge to second-degree murder. The trial court granted the prosecutor's motion and remanded the case to the state district court for a preliminary examination. Following the examination, Petitioner was bound over to circuit court on charges of second-degree murder and operating a vehicle while intoxicated, causing death.

On November 5, 2013, Petitioner pleaded no contest to the amended charges, and the trial court agreed to sentence Petitioner to a minimum sentence of 20 years. On December 11, 2013, the trial court sentenced

---

To avoid the potential for coercion, a judge must not state or imply alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court.

The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id*. at 283.

3

Petitioner to prison for 20 to 40 years. *See People v. Russell*, No. 323158, 2015 WL 8983893, at *1 (Mich. Ct. App. Dec. 15, 2015).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the sole claim that the trial court erred when it permitted the prosecution to amend the information from reckless driving causing death to second-degree murder. The Michigan Court of Appeals rejected the argument and affirmed his convictions and sentence. *See* Russell, 2015 WL 8983893 *1-2. Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On June 28, 2016, the court denied the application on the basis that it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Russell*, 499 Mich. 970, 880 N.W.2d 552 (2016).

On May 2, 2017, Petitioner filed his habeas corpus petition, raising the single claim that the trial court erred by allowing the prosecution to amend the criminal information from reckless driving, causing death, to second-degree murder. In his supporting brief, Petitioner further alleged that his trial attorney acted unreasonably in advising him to withdraw his initial no-contest plea, which included a sentencing evaluation of 14 years in prison. Petitioner simultaneously asked the Court for a stay while he exhausted state remedies for his claim about trial counsel and possibly other issues. On June 14, 2017,

4

the Honorable Paul D. Borman, presiding, granted Petitioner's request and stayed the case. ECF No. 5.

Petitioner returned to the trial court and filed a motion for relief from judgment, which contained the following claims:

I.    Defendant was deprived of the effective assistance of counsel on appeal when appellate counsel submitted a deficient brief which did not include the clear and obvious ineffective assistance of trial counsel where trial counsel rendered constitutionally deficient advice when trial counsel advised defendant to withdraw his nolo contendere plea on the day of sentencing.

II.   Was defendant deprived the effective assistance of counsel when trial counsel rendered constitutionally deficient advice when trial counsel advised defendant to withdraw his nolo contendere plea on the day of sentencing?

III.  Was the *Cobbs* agreement a binding contract in the matter and did the court violate that contract by not honoring the Cobbs sentencing evaluation first agree upon by all parties?

IV.   Defense counsel was ineffective at the pleading proceedings in this matter.

V.    Prosecutorial misconduct, i.e., harassment of defendant, e.g. vindictiveness, occurred when the prosecution amended the charges after the lengthy time period between taking the original plea, i.e., 17 months, and the final accepted plea.

ECF No. 13-11, PageID.1031.

The trial court consolidated Petitioner's claims into three issues: (1) whether trial and appellate counsel were ineffective, (2) whether the trial court violated the *Cobbs* agreement, and (3) whether the prosecutor committed misconduct by amending the information. The trial court rejected the first issue on the merits; the second on the merits and because Petitioner could not show actual prejudice under Michigan Court Rule 6.508(D)(3); and the third under Rule 6.508(D)(3) for the same reason. ECF No. 13-11, PageID.1021-1027.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. The court denied the application because he "failed to establish that the trial court erred in denying the motion for relief from judgment." *Id*. at PageID.972. Petitioner then filed an application for leave in the Michigan Supreme Court, which was denied because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Russell*, 506 Mich. 941, 949 N.W.2d 688 (2020).

On September 14, 2021, the Court reopened the case after Petitioner filed an amended petition raising the same claims presented to the trial court in his motion for relief from judgment. ECF No. 10. The Court treated the document as a motion to amend and accepted the supplemental arguments

6

in support of Petitioner's request for habeas relief. The Court understands the initial and amended habeas petitions to be raising the following claims:

I.     Over objection, the trial court erred in allowing the prosecution to amend the information from reckless driving causing death to second degree murder, which substantially increased defendant's sentencing exposure.

II.    Defendant was deprived the effective assistance of counsel on appeal when appellate counsel submitted a deficient brief which did not include the clear and obvious ineffective assistance of trial counsel claim where trial counsel rendered constitutionally deficient advice when trial counsel advised defendant to withdraw his "nolo contendere" plea on the day of sentencing.

III.   Was defendant deprived the effective assistance of counsel when trial counsel rendered constitutionally deficient advice when trial counsel advised defendant to withdraw his nolo contendere plea on the day of sentencing?

IV.   Was the *Cobbs* agreement a binding contract in the matter and did the court violate that contract by not honoring the Cobbs sentencing evaluation first agreed upon by all parties?

V.    Defense counsel was ineffective at the pleading proceedings in this matter.

VI.   Prosecutorial misconduct, i.e. harassment of defendant, e.g. vindictiveness, occurred when the prosecution amended the charges after the lengthy time period between taking the original plea, i.e. 17 months, and the final accepted plea.

ECF Nos. 1 and 9.

Respondent filed an answer to the initial and amended petitions, contending that Petitioner's claims concerning the *Cobbs* violation (claim IV) and prosecutorial misconduct (claim VI) are procedurally defaulted and all claims lack merit. Petitioner filed a reply.

## II.   LEGAL STANDARD

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

## III.   DISCUSSION

### A. Procedural Default

Respondent contends that Petitioner's *Cobbs* violation and prosecutorial misconduct claims are barred by procedural default. The Court declines to address that defense as it is not a jurisdictional bar to review of

the merits. *See, e.g., Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Moreover, federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Such is the case here. Accordingly, the Court will proceed to the merits of Petitioner's claims.

   B. Claim # 1. The Wrongful Amendment of Information Claim

Petitioner first argues that he is entitled to habeas relief because the trial court erroneously permitted the prosecution to amend the criminal information to reflect the charge of second-degree murder, without sufficient notice and opportunity to allow him to prepare a defense.

The Due Process Clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him so as to provide him an adequate opportunity to prepare his defense. *See, e.g., In re Ruffalo*, 390 U.S. 544 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977); *Watson v.*

10

*Jago*, 558 F.2d 330, 338 (6th Cir. 1977). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. *Combs v. State of Tennessee*, 530 F.2d 695, 698 (6th Cir. 1976). Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. *Id*. "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)). "An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira*, 806 F.2d at 639. In other words, as long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); *Watson*, 558 F.2d at 338.

"When reviewing amendments to state charging documents in habeas corpus proceedings, the federal courts focus on the questions whether the defendant was surprised by the amendment or otherwise prejudiced in his ability to defend himself at trial." *Rhea v. Jones*, 622 F. Supp. 2d 562, 583

(W.D. Mich. 2008) (citing *Tague v. Richards*, 3 F.3d 1133, 1141–42 (7th Cir. 1993); *Wright v. Lockhart*, 854 F.2d 309, 312–13 (8th Cir. 1988)).

The Michigan Court of Appeals denied relief on this claim, concluding that the amendment was proper under state law and was neither an unfair surprise nor unfairly prejudicial. The court explained:

> It is well-established that both MCL 767.76 and MCR 6.112(H) permit the amendment of an information and that MCR 6.112(H) specifically permits amendment before, during, or after trial unless to do so "would unfairly surprise or prejudice the defendant." *See also McGee*, 258 Mich.App at 689. As a rule of procedure, MCR 6.112(H) supersedes MCL 767.76. *Id.*, citing *People v. Goecke*, 457 Mich. 442, 460; 579 NW2d 868 (1998). Consequently, the only issue on appeal is whether permitting the amendment in this case unfairly surprised or prejudiced defendant. *See id*; *People v. Hunt*, 442 Mich. 359, 364; 501 NW2d 151 (1993).

> Defendant argues that "[s]urprise and/or prejudice regarding the amendment are apparent" because the added second-degree murder charge "involves the element of 'malice,' which is certainly a stretch considering Defendant did not know the victim." We disagree.

> The elements of reckless driving causing death, the original charge, are: (1) the operation of a vehicle, (2) in willful or wanton disregard for the safety of persons or property, and (3) by the operation of that vehicle, caused the death of another person. MCL 257.626(4); *People v. Jones*, 497 Mich. 155, 167; 860 NW2d 112 (2014). The elements of second-degree murder are: "(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v. Reese*, 491 Mich. 127, 143; 815 NW2d 85 (2012), quoting *Goecke*, 457 Mich. at 464. "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such

behavior is to cause death or great bodily harm." *Id*. Thus, "malice may be established even absent an actual intent to cause a particular result if there is wanton and wilful disregard of the likelihood that the natural tendency of a defendant's behavior is to cause death or great bodily harm." *Id*. at 466.

In this case, defendant has not established that the addition of the second-degree murder charge unfairly surprised or prejudiced him. The malice element of second-degree murder can be proven in the same manner as the "willfull [sic] and wanton disregard for safety" element of reckless driving causing death. Thus, the amendment did not add any substantially different elements that defendant needed to defend. And the second-degree murder charge did not involve any new or different acts or evidence.

The amendment also did not deprive defendant of an adequate opportunity to prepare a defense. When defendant was originally charged with reckless driving causing death, he was put on notice that the charges against him were predicated on his (1) operation of a vehicle, (2) in willful or wanton disregard for the safety of persons, and (3) by the operation of that vehicle, caused the death of a passenger in the car he struck. During the year between those charges and the amended information, defendant attempted to plead nolo contendere to that conduct before eventually withdrawing the plea over dissatisfaction with the *Cobbs* evaluation minimum. Additionally, there was almost four months between the amendment and the second-degree murder preliminary examination. During that time defendant had adequate opportunity to consider his defense and prepare his case. *See, e.g., People v. Russell*, 266 Mich.App 307, 317; 703 NW2d 107 (2005). And, between the preliminary examination and the plea hearing, there was almost two additional months in which defendant could prepare a defense to the new charge. Because defendant had approximately six months between the amended information and the plea hearing, the amendment did not deprive defendant of a sufficient opportunity to defend.

*See* Russell, 2015 WL 8983893 *1-2.

13

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. First, Petitioner was given fair notice of the murder charge. After learning that Petitioner rejected the trial court's amended *Cobbs* evaluation, the prosecution moved to amend the information. The prosecutor argued that the facts and circumstances of the case warranted a new charge of second-degree murder. ECF No. 13-5, PageID.368-369. Over defense counsel's objection, the trial court permitted the amendment. *Id*. at PageID.371, 373.

As noted by the state court, the elements of reckless driving causing death and second-degree murder are sufficiently similar such that Petitioner would not have been unfairly surprised. The elements of second-degree murder under Michigan law are "(1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death*." Bergman v. Brewer*, 542 F. Supp. 3d 649, 655–56 (E.D. Mich. 2021) (internal citation and quotations marks omitted). "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id*.

In turn, reckless driving causing death requires that (1) the defendant operates a motor vehicle "in willful or wanton disregard for the safety of persons or property," and (2) the defendant's operation "causes the death of another person." *Dorrough v. Olson*, No. 16-CV-10308, 2017 WL 5479465, at *8 (E.D. Mich. Nov. 15, 2017). Logically, the malice element of second-degree murder can be proven in much the same manner as the "willful and wanton disregard for safety" element of reckless driving causing death. The other elements are nearly identical.

Petitioner's argument appears mainly to focus on the timing of the amendment, specifically that it occurred over a year after the initiation of the criminal proceedings causing him unfair surprise. But the Court's habeas inquiry is whether Petitioner received sufficient notice of the charge in some manner. Indeed, he did. Not only are the elements of the charges similar, but the prosecution presented facts warranting the amendment, including that Petitioner had prior alcohol-related convictions and his erratic manner of driving under the influence, i.e. driving over the grass median into a left turn lane and crashing into a vehicle, demonstrated a level of wanton and willful disregard of likelihood his actions would cause death. ECF No. 13-5, PageID.372-372. Thus, Petitioner was not surprised by the amendment.

Second, the amendment did not prejudice Petitioner's ability to prepare an adequate defense. The state-court record shows Petitioner had nearly six months to prepare against the new charge. After the trial court granted the prosecution's request to amend on May 15, 2013, the district court held a preliminary examination hearing approximately four months later, giving Petitioner ample time to prepare his defense. ECF No. 13-6. Petitioner then had nearly two additional months between the preliminary examination and his plea hearing. Accordingly, Petitioner has not established a due process violation. Habeas relief is not warranted on this claim.

C. <u>Claims # 2, 3 and 5. Ineffective Assistance of Trial and Appellate Counsel Claims.</u>

Petitioner next argues that trial counsel was ineffective for failing to advise him of the direct consequences of withdrawing his no-contest plea, particularly that withdrawing his plea could subject him to more serious charges and harsher sentencing, and for not raising a diminished capacity defense. He further argues that appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claims on direct appeal. The state trial court rejected this claim on collateral review. ECF No. 13-11, PageID.1026.

1. <u>Ineffective Assistance of Trial Counsel</u>

16

To establish ineffective assistance of counsel, Petitioner must satisfy a two-prong test. First, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689. Second, Petitioner must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In the context of a guilty or no-contest plea, Petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty or no-contest, but would have insisted on going to trial. *Premo v. Moore*, 562 U.S. 115, 129 (2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*,

474 U.S. at 59. The test of whether a Petitioner would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. United States*, 668 F. 3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Finally, "[W]hen a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining," a federal court is required to "use a '"doubly deferential"' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of clearly established federal law. First, Petitioner fails to show that counsel was ineffective for advising him to withdraw his plea. The record does not support that Petitioner was improperly advised. During the March 15 proceedings, Petitioner expressed that it was *his* decision to withdraw his no-contest plea after the trial court amended the *Cobbs* evaluation to a 14-year minimum sentence. ECF No. 13-5, PageID.370-371. Moreover, in the same proceeding, counsel objected to the prosecution's request to amend the criminal information because it

18

would increase Petitioner's sentencing exposure. *Id*. at PageID.371. Despite knowing that he would be subjected to a more severe charge carrying a harsher penalty, Petitioner continued with his decision to withdraw his plea. Petitioner had the opportunity to raise any questions about the risks of withdrawing his plea at that time and did not do so.

Petitioner also claims that he withdrew his plea based on counsel's advice that he would strike a better deal with the prosecution. However, the record belies this argument as the prosecution opposed the *Cobbs* agreements and advocated for harsher sentencing at each stage of the case, which defense counsel acknowledged. The record does not support that counsel would have advised Petitioner to withdraw his plea on this basis.

Moreover, Petitioner cannot show prejudice solely because he was subjected to higher sentence. Petitioner must show that but for counsel's errors, he would not have entered a plea but would have insisted on going to trial and likely have succeeded. Petitioner has not made such showing. Therefore, Petitioner fails to establish that counsel's advice was deficient or resulted in prejudice.

Second, Petitioner has not shown that that counsel acted unreasonably by failing to raise an insanity or diminished capacity defense. Petitioner has not shown that such a defense was available to him, that it would have

impacted his decision to accept a plea, or that such a defense would have succeeded at trial. Therefore, Petitioner fails to show counsel was ineffective on this basis.

Finally, despite his claims of error, Petitioner is bound by the statements he made at the last plea hearing. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). On November 5, 2013, Petitioner pleaded no contest to the amended charges, and the trial court agreed to sentence Petitioner to a minimum sentence not to exceed 20 years. Petitioner stated on the record that he had discussed his charges, maximum penalties, and constitutional rights with his attorney, that he had answered his questions, and that he was satisfied with his advice. ECF No. 13-7, PageID.452-453. Thus, Petitioner indicated that he understood the terms of the plea agreement and consequences of his plea. He confirmed that he wanted to plead no contest pursuant to that agreement and that he was pleading no contest voluntarily. Petitioner cannot now claim that counsel was ineffective when he did not raise any issues with counsel at that time. He is not entitled to habeas relief on this claim.

### 2. Ineffective Assistance of Appellate Counsel

Next, Petitioner argues that appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claims on direct review.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Court-appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). As discussed, Petitioner's claims are meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Therefore, Petitioner is not entitled to relief.

   D. <u>Claim # 4. The *Cobbs* Violation Claim.</u>

Petitioner next contends that the trial court allegedly breached the *Cobbs* agreement that he would be sentenced pursuant to a minimum guidelines range of 87 months.

The principal problem with Petitioner's argument is that he does not raise a cognizable federal claim. Petitioner's contention that the trial court's sentence deviated from the purported *Cobbs* agreement lacks merit because it is premised solely on the application of *Cobbs*, which is a Michigan Supreme Court decision and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

But even if the claim were cognizable, Petitioner's claim lacks a factual predicate because the trial court did not breach any *Cobbs* agreement. This Court has explained:

> A *Cobbs* agreement, a distinct aspect of Michigan law, is a judge's on-the-record statement, at the time of a guilty plea, regarding the length of sentence that appears to be appropriate, based on information known at that time. *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993). *Cobbs* established that if a trial court later decides to exceed the anticipated sentence, the defendant is entitled to the opportunity to withdraw his plea and proceed to trial, where he pleaded guilty in reliance on the court's agreement to sentence him within a lower range. *Id*.

*Howard v. Bell*, No. 2:10-CV-10434, 2011 WL 2560278, at *1 (E.D. Mich. June 28, 2011).

The state trial court denied this claim on the merits on collateral review. The court held that the trial judge did not violate any *Cobbs* agreement. ECF No. 13-11, PageID.1026. The Court agrees that the trial judge acted appropriately under Michigan law. During pre-trial discussions, the trial judge indicated that he would impose a minimum sentence not to exceed 87 months. ECF No. 13-3, PageID.344; ECF No. 13-4, PageID.353, 359. The trial court later determined the facts and circumstances warranted amending the earlier evaluation to a minimum sentence of 14 years. ECF No. 3-5, PageID.368. Under *Cobbs*, a trial court may later decide to exceed the anticipated sentence, as it did here. And, as further permitted under *Cobbs*,

22

Petitioner exercised his opportunity to withdraw his plea. *Id*. For these reasons, Petitioner cannot establish that he was prejudiced by the trial court's decision to deviate from the sentencing agreement and his habeas claim therefore lacks merit.

E. <u>Claim # 6.  The Prosecutorial Misconduct Claim</u>

Lastly, Petitioner argues that the prosecution acted improperly by amending the information. Because the state courts did not address this claim on the merits, the Court will address it de novo.

For a petitioner to be entitled to habeas relief on the basis of prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). In evaluating the impact of the prosecutor's misconduct, a court should consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner. *See United States v. Young*, 470 U.S. 1, 11– 12 (1985). The Supreme Court has described the Darden standard as "a very general one, leaving courts 'more

23

leeway . . . in reaching outcomes in case-by-case determinations . . . ." *Parker v. Matthews*, 567 U.S. 37, 48 (2012). The *Parker* Court rejected an attempt to graft any additional requirements on the "very general" *Darden* standard.

Petitioner claims that the prosecution's conduct amounted to harassment and vindictive prosecution because the amendment occurred shortly after Petitioner withdrew his initial no-contest plea and it lacked a factual basis. A prosecutor has significant discretion in determining what charge to file against an accused provided that probable cause exists, but may not undertake a prosecution based upon a vindictive motive, race, religion, or other arbitrary classification. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Davis*, 15 F.3d 526, 529 (6th Cir. 1994); *Oyler v. Boles*, 368 US. 448, 456 (1962) (no bad faith motive permitted).

Petitioner fails to show that the prosecutor amended the charge with a vindictive motive. As addressed by the Michigan Court of Appeals, the prosecutor was permitted to amend the information any time before, during, or after trial under Mich. Comp. Laws § 767.76 and Michigan Court Rule 6.112(H), so long as Petitioner was not unfairly surprised or prejudiced by the amendment. *See Russell*, 2015 WL 8983893 *1. The Court already determined that Petitioner's due process rights were not violated by the

amendment, and that Petitioner's criminal history and the egregious nature of the crime sufficiently warranted amending the information to a charge of second-degree murder.

To the extent Petitioner claims improper motive can be inferred by the timing of the amendment, the prosecution maintained the same position throughout the criminal proceedings by opposing each of the *Cobbs* agreements and advocating for harsher sentencing. Therefore, there the timing does not suggest impropriety. In sum, the state-court record is devoid of any facts suggesting that the prosecution acted improperly. Petitioner is not entitled to habeas relief on this claim.

## IV.    CERTIFICATE OF APPEALABILITY

The Court declines to grant a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In addition, reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the claims deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Therefore, the Court will deny a certificate of appealability.

## V.    CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated:  August 28, 2024